# EXHIBIT A

**THE MUSITIEF FIRM, LLC**
**BY**: FEEDA R. MUSITIEF, ESQUIRE
Attorney I.D.: 202768
1333 RACE STREET
PHILADELPHIA, PA  19107
215-703-5400
Email: FM@musitief.com

ATTORNEYS FOR PLAINTIFF

MAJOR JURY

*Filed and Attested by the
Office of Judicial Records
10 APR 2023 04:51 pm
G. IMPERATO*

| | | |
|---|---|---|
| JAMIE MCKNIGHT<br>319 E. Mill Road<br>Hatboro, PA 19040 | : | COURT OF COMMON PLEAS<br>PHILADELPHA COUNTY |
| Plaintiff | : | |
| v. | : | TERM, 2023 |
| | : | NO. |
| AMAZON. COM. INC.<br>410 Terry Avenue North<br>Seattle, WA 98109 | : | |
| And | : | |
| WAL-MART STORES, INC.<br>702 S.W. 8TH Street<br>St. Bentonville, AK 72716 | : | TRIAL BY JURY DEMANDED |
| And | : | |
| TARGET CORPORATION<br>1000 Nicollet Mall<br>Minneapolis, MN 55403 | : | |
| And | : | |
| E-BAY INC.<br>2145 Hamilton Avenue<br>San Jose, California 95125 | : | |
| And | : | |
| TYRESE SKINNER<br>4531 North 17th Street<br>Philadelphia, Pa 19140 | : | |
| Defendants | : | |

Case ID: 230400898

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. | "Le hand demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333  TTY# (215) 451-6197

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E. Informacion
1101 Market Street, 11th Floor
(215) 238-6333  TTY# (215) 451-6197

Case ID: 230400898

**THE MUSITIEF FIRM, LLC**                  ATTORNEYS FOR PLAINTIFF
**BY**: FEEDA R. MUSITIEF, ESQUIRE
Attorney I.D.: 202768
1333 RACE STREET
PHILADELPHIA, PA  19107
215-703-5400                                MAJOR JURY
Email: FM@musitief.com

---

| | | |
|---|---|---|
| JAMIE MCKNIGHT | : | COURT OF COMMON PLEAS |
| 319 E. Mill Road | : | PHILADELPHA COUNTY |
| Hatboro, PA 19040 | : | |
| | : | |
| Plaintiff | : | |
| v. | : | TERM, 2023 |
| | : | NO. |
| AMAZON. COM. INC. | : | |
| 410 Terry Avenue North | : | |
| Seattle, WA 98109 | : | |
| | : | |
| And | : | |
| | : | |
| WAL-MART STORES, INC. | : | |
| 702 S.W. 8TH Street | : | TRIAL BY JURY DEMANDED |
| St. Bentonville, AK 72716 | : | |
| | : | |
| And | : | |
| | : | |
| TARGET CORPORATION | : | |
| 1000 Nicollet Mall | : | |
| Minneapolis, MN 55403 | : | |
| | : | |
| And | : | |
| | : | |
| EBAY, INC. | : | |
| 2145 Hamilton Avenue | : | |
| San Jose, California 95125 | : | |
| | : | |
| And | : | |
| | : | |
| TYRESE SKINNER | : | |
| 4531 North 17th Street | : | |
| Philadelphia, Pa 19140 | : | |
| | : | |
| Defendants | : | |

Case ID: 230400898

## COMPLAINT

Plaintiff, Jamie McKnight, by and through his attorney, Feeda R. Musitief, Esquire, and The Musitief Firm, state he has multiple causes of action against Amazon.com, Inc., Walmart Stores, Inc., Target Corporation, eBay, Inc. and Tyrese Skinner, and alleges and avers in support thereof, the following:

## I. PARTIES

1.  Plaintiff, Jamie McKnight, is an adult individual and resident of the Commonwealth of Pennsylvania residing at the above stated address.

2.  Defendant, Amazon.com, Inc (hereinafter "Amazon" or "Defendant Amazon"), upon information and belief, is a corporation and online commerce entity which regularly conducts business in the Commonwealth of Pennsylvania, with substantial contacts in the Commonwealth of Pennsylvania, and with offices at the above stated address.

3.  Defendant Amazon is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

4.  Upon information and belief, Defendant Amazon sold and distributed the Amada Pure Skin Tag and Mole Removal Cream, subject to this litigation (also referred to generally as "the product").

5.  Defendant, Wal-Mart Stores, Inc. (hereinafter "Walmart" or "Defendant Walmart"), upon information and belief, is a corporation and online commerce entity which regularly conducts business in the Commonwealth of Pennsylvania, with substantial contacts in the Commonwealth of Pennsylvania, and with offices at the above stated address.

4

Case ID: 230400898

6.    Defendant Walmart is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

7.    To the extent Amazon was not the seller of the subject product, it is averred that Defendant Walmart sold and distributed the Amada Pure Skin Tag and Mole Removal Cream, subject to this litigation (also referred to generally as "the product").

8.    Defendant, Target Corporation (hereinafter "Target" or "Defendant Target"), upon information and belief, is a corporation and online commerce entity which regularly conducts business in the Commonwealth of Pennsylvania, with substantial contacts in the Commonwealth of Pennsylvania, and with offices at the above stated address.

9.    Defendant Target is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

10.    To the extent Amazon was not the seller of the subject product, it is averred that Defendant Target sold and distributed the Amada Pure Skin Tag and Mole Removal Cream, subject to this litigation (also referred to generally as "the product").

11.    Defendant, eBay, Inc.(hereinafter "eBay" or "Defendant eBay"), upon information and belief, is a corporation and online commerce entity which regularly conducts business in the Commonwealth of Pennsylvania, with substantial contacts in the Commonwealth of Pennsylvania, and with offices at the above stated address.

12.    Defendant eBay is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

Case ID: 230400898

13.     To the extent Amazon was not the seller of the subject product it is averred that Defendant, eBay sold and distributed the Amada Pure Skin Tag and Mole Removal Cream, subject to this litigation (also referred to generally as "the product").

14.     Defendant, Tyrese Skinner, is an adult male individual and is/was believed to operate a barbershop known or referred to as Skinner's Barber Shop.  It is believed that due to COVID, Defendant Skinner began operating barber services from his residence located at the above captioned address, 4531 North 17th Street, Philadelphia, PA 19140.

## II. JURISDICTION AND VENUE

15.     Jurisdiction and Venue are proper in the Court of Common Pleas in Philadelphia County, Commonwealth of Pennsylvania, in that Defendants reside and/or regularly conduct business in Philadelphia and all events relevant to this matter occurred in Philadelphia County, Pennsylvania.

## III. OPERATIVE FACTS

16.     Sometime before July 14, 2022 Defendant Skinner is known and believed to have ordered and purchased from Defendant Amazon's online market Amada Pure Skin Tag and Mole Removal Cream.

17.     The Amada Pure Skin Tag and Mole Removal Cream (i.e. "the product") was believed to have been sold under ASIN: B088SBWVTQ with a customer review ranking of 4.5 out of 5 stars, and noted to be manufactured by Amada Pure.  Although there were multiple reviews that the product caused burning and scarring, those reviews were hidden by a lack of key word search options pertaining to burning or scarring and the Defendant Amazon website defaults to top ratings and therefore when key words such as burning or

Case ID: 230400898

scarring are selected the online market produces mentions of those terms found in the highest star/highest ranking reviews first.  Defendant Amazon's webpage also defaults to showing eight (8) reviews only, at a time.

18.     On information and belief, the Amada Pure Skin Tag and Mole Removal Cream was delivered to Defendant Skinner from an Amazon vehicle, and in the same form, shape, and condition as it had been manufactured.

19.     To the extent it is proven that Amazon did not sell the product, then the product was more than likely purchased online at either Target, Walmart or e-Bay's website.

20.     Defendant Skinner is a professional barber by occupation and is alleged and believed to have read the instructions for use of the Amada Pure Skin Tag and Mole Removal Cream.

21.     On July 14, 2022 Plaintiff was a customer of Defendant Skinner and purchased and requested the services of skin tag and mole removal from Plaintiff's head.

22.     At all times, Defendant Skinner held himself out and otherwise represented to Plaintiff that Defendant Skinner was qualified to provide the skin tag and mole removal services.

23.     Furthermore, Defendant Skinner did not warn Plaintiff of any potential harm or injuries and/or Defendant Skinner had accessed that Plaintiff was not vulnerable or preconditioned to have any adverse effects.

24.     Defendant Skinner applied the Amada Pure Skin Tag and Mole Removal Cream ("the product") to Plaintiff's head.

25.     The product caused Plaintiff significant scarring, severe pain, and permanent disfigurement.

Case ID: 230400898

26.    The product was defective.

27.    The product was defectively manufactured and/or otherwise caused to be in a defective condition at the time of application on Plaintiff.

28.    Defendant Skinner improperly used the product.

29.    The product and/or Defendant Skinner failed to give adequate warnings about potential side effects and harms, specifically in the case of Plaintiff.

30.    Defendant Skinner negligently caused Plaintiff's injuries, harms, scarring, and disfigurement.

**COUNT I**
**NEGLIGENCE and RECKLESSNESS**
**PLAINTIFF v. DEFENDANT AMAZON**

31.    Plaintiff incorporates the foregoing paragraphs as if they were set forth at length herein.

32.    At all material times, Defendant Amazon owned, maintained, distributed, controlled and/or otherwise caused the product to be placed into the stream of commerce by selling or having the product sold on its online marketplace.

33.    Defendant Amazon knew or should have known that the product was defective, and dangerous, even when used as intended.

34.    Upon information and belief, Defendant Amazon was aware of prior incidents involving the product causing burns, scarring and disfigurement and Defendant Amazon investigated and learned of those situations, but continued to market and distribute the product.

35.    Alternatively, Defendant Amazon failed to properly investigate prior matters and claims and as a result the subject product continued to be sold on its marketplace and

Case ID: 230400898

without due warning or notice to buyers.

36.     Defendant Amazon knew or should have known that the product sold and applied to Plaintiff, was not reasonably safe.

37.     At all times relevant, Defendant Amazon failed to warn the public including but not limited to the dangers involved in using this product.

38.     At all material times, the dangers posed to Plaintiff from the product were latent and unknown to him.

39.     At all material times, the product and its packaging did not sufficiently warn that the product could cause significant injury, scarring, pain, and disfigurement; and Defendant Amazon was aware of the product's failure to warn, mislead, and/or otherwise wrongly cause injury.

40.     The latent dangers of the product were created by the negligence and recklessness of Defendant Amazon.

41.     At all material times, Defendant Amazon failed to warn consumers and users of the product, including Defendant Skinner and Plaintiff, of the dangers posed by the product including, but not limited to, the fact that it could scar, cause pain and suffering, and disfigurement.

42.     Plaintiff's injuries were caused solely by the negligence and recklessness of the Defendant Amazon, as follows:

    a.  failing to warn that the product was defective;

    b.  failing to warn that the product could cause injuries, scarring, and disfigurement;

    c.  failing to warn of the latent and hidden danger created from using the product

Case ID: 230400898

as intended;

d.  permitting a defective and dangerous product to be sold on its marketplace;

e.  allowing and permitting there to exist a dangerous and defective condition after actual and/or constructive notice of said defect;

f.  distributing and selling a product that they knew or should have known was defective;

g.  failing to take the product out of stream of commerce after actual and/or constructive notice of its defective condition;

h.  failing to warn of the aforesaid defective and dangerous condition of the product;

i.  allowing and permitting said product to be and exist in a defective condition;

j.  failing to properly and adequately inspect or investigate claims of the aforesaid defective product, so as to determine its hazardousness to consumers;

k.  intentionally and/or willfully, by design or other act, hide, conceal, and misrepresent the dangers of the product by virtue of the reviews system and default features on Defendant's online marketplace;

l.  Negligent hiring of contractors, employees, workmen, and servants, under the circumstances;

m.  Negligent training of contractors, employees, workmen, and servants, under the circumstances;

n.  Negligent supervision of contractors, employees, workmen, and servants, under the circumstances;

o.  Failing to remove or stop sales of the dangerous product; and,

Case ID: 230400898

p.   Failing to warn of the dangerous product.

43.     As a direct and proximate result of the carelessness, negligence and recklessness of Defendant Amazon, Plaintiff sustained serious and permanent bodily injuries including without limitation, injuries to his head and head.

44.     As a direct and proximate result of the carelessness, negligence, and recklessness of Defendant Amazon, Plaintiff was prevented from attending to his usual duties and activities, has and continues to suffer  pain and suffering of mind and body, mental anguish and distress; in addition, he has suffered and/or will suffer lost wages, a loss of earnings and/or earning capacity and other economic losses including but not limited to outstanding medical bills and the need for future medical treatment and care all to his financial detriment.

**WHEREFORE,** Plaintiff, Jamie McKnight, hereby requests this Honorable Court to enter judgment in his favor and against Defendant, Amazon.com, Inc, in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

## COUNT II
### NEGLIGENCE and RECKLESSNESS
### PLAINTIFF v. DEFENDANT, WALMART

45.     Plaintiff incorporates the foregoing paragraphs as if they were set forth at length herein.

46.     To the extent it is proven that Amazon was not the seller of the subject product, Plaintiff avers that Walmart was at all material times within the chain of the distribution and more likely than not sold the subject product injuring Plaintiff.

11

Case ID: 230400898

47.   At all material times, Defendant, Walmart owned, maintained, distributed, controlled and/or otherwise caused the product to be placed into the stream of commerce by selling or having the product sold on its online marketplace.

48.   Defendant, Walmart knew or should have known that the product was defective, and dangerous, even when used as intended.

49.   Upon information and belief, Defendant, Walmart was aware of prior incidents involving the product causing burns, scarring and disfigurement and Defendant, Walmart investigated and learned of those situations, but continued to market and distribute the product.

50.   Alternatively, Defendant, Walmart failed to properly investigate prior matters and claims and as a result the subject product continued to be sold on its marketplace and without due warning or notice to buyers.

51.   Defendant, Walmart knew or should have known that the product sold and applied to Plaintiff, was not reasonably safe.

52.   At all times relevant, Defendant, Walmart failed to warn the public including but not limited to the dangers involved in using this product.

53.   At all material times, the dangers posed to Plaintiff from the product were latent and unknown to him.

54.   At all material times, the product and its packaging did not sufficiently warn that the product could cause significant injury, scarring, pain, and disfigurement; and Defendant, Walmart was aware of the product's failure to warn, mislead, and/or otherwise wrongly cause injury.

Case ID: 230400898

55.     The latent dangers of the product were created by the negligence and recklessness of Defendant, Walmart.

56.     At all material times, Defendant, Walmart failed to warn consumers and users of the product, including Defendant Skinner and Plaintiff, of the dangers posed by the product including, but not limited to, the fact that it could scar, cause pain and suffering, and disfigurement.

57.     Plaintiff's injuries were caused solely by the negligence and recklessness of the Defendant, Walmart, as follows:

a.   failing to warn that the product was defective;

b.   failing to warn that the product could cause injuries, scarring, and disfigurement;

c.   failing to warn of the latent and hidden danger created from using the product as intended;

d.   permitting a defective and dangerous product to be sold on its marketplace;

e.   allowing and permitting there to exist a dangerous and defective condition after actual and/or constructive notice of said defect;

f.   distributing and selling a product that they knew or should have known was defective;

g.   failing to take the product out of stream of commerce after actual and/or constructive notice of its defective condition;

h.   failing to warn of the aforesaid defective and dangerous condition of the product;

i.   allowing and permitting said product to be and exist in a defective condition;

Case ID: 230400898

j.   failing to properly and adequately inspect or investigate claims of the aforesaid defective product, so as to determine its hazardousness to consumers;

k.   intentionally and/or willfully, by design or other act, hide, conceal, and misrepresent the dangers of the product by virtue of the reviews system and default features on Defendant's online marketplace;

l.   Negligent hiring of contractors, employees, workmen, and servants, under the circumstances;

m.   Negligent training of contractors, employees, workmen, and servants, under the circumstances;

n.   Negligent supervision of contractors, employees, workmen, and servants, under the circumstances;

o.   Failing to remove or stop sales of the dangerous product; and,

p.   Failing to warn of the dangerous product.

58.   As a direct and proximate result of the carelessness, negligence and recklessness of Defendant, Walmart, Plaintiff sustained serious and permanent bodily injuries including without limitation, injuries to his head and head.

59.   As a direct and proximate result of the carelessness, negligence, and recklessness of Defendant, Walmart, Plaintiff was prevented from attending to his usual duties and activities, has and continues to suffer  pain and suffering of mind and body, mental anguish and distress; in addition, he has suffered and/or will suffer lost wages, a loss of earnings and/or earning capacity and other economic losses including but not limited to outstanding medical bills and the need for future medical treatment and care all to his financial detriment.

Case ID: 230400898

**WHEREFORE,** Plaintiff, Jamie McKnight, hereby requests this Honorable Court to enter judgment in his favor and against Defendant, Walmart, in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

**COUNT III**
**NEGLIGENCE and RECKLESSNESS**
**PLAINTIFF v. DEFENDANT, TARGET**

60.     Plaintiff incorporates the foregoing paragraphs as if they were set forth at length herein.

61.     To the extent it is proven that Amazon was not the seller of the subject product, Plaintiff avers that Target was at all material times within the chain of the distribution and more likely than not sold the subject product injuring Plaintiff.

62.     At all material times, Defendant, Target owned, maintained, distributed, controlled and/or otherwise caused the product to be placed into the stream of commerce by selling or having the product sold on its online marketplace.

63.     Defendant, Target knew or should have known that the product was defective, and dangerous, even when used as intended.

64.     Upon information and belief, Defendant, Target was aware of prior incidents involving the product causing burns, scarring and disfigurement and Defendant, Target investigated and learned of those situations, but continued to market and distribute the product.

65.     Alternatively, Defendant, Target failed to properly investigate prior matters and claims and as a result the subject product continued to be sold on its marketplace and without due warning or notice to buyers.

Case ID: 230400898

66.     Defendant, Target knew or should have known that the product sold and applied to Plaintiff, was not reasonably safe.

67.     At all times relevant, Defendant, Target failed to warn the public including but not limited to the dangers involved in using this product.

68.     At all material times, the dangers posed to Plaintiff from the product were latent and unknown to him.

69.     At all material times, the product and its packaging did not sufficiently warn that the product could cause significant injury, scarring, pain, and disfigurement; and Defendant, Target was aware of the product's failure to warn, mislead, and/or otherwise wrongly cause injury.

70.     The latent dangers of the product were created by the negligence and recklessness of Defendant, Target.

71.     At all material times, Defendant, Target failed to warn consumers and users of the product, including Defendant Skinner and Plaintiff, of the dangers posed by the product including, but not limited to, the fact that it could scar, cause pain and suffering, and disfigurement.

72.     Plaintiff's injuries were caused solely by the negligence and recklessness of the Defendant, Target, as follows:

    a.  failing to warn that the product was defective;

    b.  failing to warn that the product could cause injuries, scarring, and disfigurement;

    c.  failing to warn of the latent and hidden danger created from using the product as intended;

Case ID: 230400898

    d.   permitting a defective and dangerous product to be sold on its marketplace;

    e.   allowing and permitting there to exist a dangerous and defective condition after actual and/or constructive notice of said defect;

    f.   distributing and selling a product that they knew or should have known was defective;

    g.   failing to take the product out of stream of commerce after actual and/or constructive notice of its defective condition;

    h.   failing to warn of the aforesaid defective and dangerous condition of the product;

    i.   allowing and permitting said product to be and exist in a defective condition;

    j.   failing to properly and adequately inspect or investigate claims of the aforesaid defective product, so as to determine its hazardousness to consumers;

    k.   intentionally and/or willfully, by design or other act, hide, conceal, and misrepresent the dangers of the product by virtue of the reviews system and default features on Defendant's online marketplace;

    l.   Negligent hiring of contractors, employees, workmen, and servants, under the circumstances;

    m.   Negligent training of contractors, employees, workmen, and servants, under the circumstances;

    n.   Negligent supervision of contractors, employees, workmen, and servants, under the circumstances;

    o.   Failing to remove or stop sales of the dangerous product; and,

    p.   Failing to warn of the dangerous product.

Case ID: 230400898

73.     As a direct and proximate result of the carelessness, negligence and recklessness of Defendant, Target, Plaintiff sustained serious and permanent bodily injuries including without limitation, injuries to his head and head.

74.     As a direct and proximate result of the carelessness, negligence, and recklessness of Defendant, Target, Plaintiff was prevented from attending to his usual duties and activities, has and continues to suffer pain and suffering of mind and body, mental anguish and distress; in addition, he has suffered and/or will suffer lost wages, a loss of earnings and/or earning capacity and other economic losses including but not limited to outstanding medical bills and the need for future medical treatment and care all to his financial detriment.

**WHEREFORE,** Plaintiff, Jamie McKnight, hereby requests this Honorable Court to enter judgment in his favor and against Defendant, Target, in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

### COUNT IV
### NEGLIGENCE and RECKLESSNESS
### PLAINTIFF v. DEFENDANT, EBAY

75.     Plaintiff incorporates the foregoing paragraphs as if they were set forth at length herein.

76.     To the extent it is proven that Amazon was not the seller of the subject product, Plaintiff avers that eBay was at all material times within the chain of the distribution and more likely than not sold the subject product injuring Plaintiff.

77.     At all material times, Defendant, eBay owned, maintained, distributed, controlled and/or otherwise caused the product to be placed into the stream of commerce by selling

18

Case ID: 230400898

or having the product sold on its online marketplace.

78.     Defendant, eBay knew or should have known that the product was defective, and dangerous, even when used as intended.

79.     Upon information and belief, Defendant, eBay was aware of prior incidents involving the product causing burns, scarring and disfigurement and Defendant, eBay investigated and learned of those situations, but continued to market and distribute the product.

80.     Alternatively, Defendant, eBay failed to properly investigate prior matters and claims and as a result the subject product continued to be sold on its marketplace and without due warning or notice to buyers.

81.     Defendant, eBay knew or should have known that the product sold and applied to Plaintiff, was not reasonably safe.

82.     At all times relevant, Defendant, eBay failed to warn the public including but not limited to the dangers involved in using this product.

83.      At all material times, the dangers posed to Plaintiff from the product were latent and unknown to him.

84.     At all material times, the product and its packaging did not sufficiently warn that the product could cause significant injury, scarring, pain, and disfigurement; and Defendant, eBay was aware of the product's failure to warn, mislead, and/or otherwise wrongly cause injury.

85.     The latent dangers of the product were created by the negligence and recklessness of Defendant, eBay.

Case ID: 230400898

86.     At all material times, Defendant, eBay failed to warn consumers and users of the product, including Defendant Skinner and Plaintiff, of the dangers posed by the product including, but not limited to, the fact that it could scar, cause pain and suffering, and disfigurement.

87.     Plaintiff's injuries were caused solely by the negligence and recklessness of the Defendant, eBay, as follows:

    a.   failing to warn that the product was defective;

    b.   failing to warn that the product could cause injuries, scarring, and disfigurement;

    c.   failing to warn of the latent and hidden danger created from using the product as intended;

    d.   permitting a defective and dangerous product to be sold on its marketplace;

    e.   allowing and permitting there to exist a dangerous and defective condition after actual and/or constructive notice of said defect;

    f.   distributing and selling a product that they knew or should have known was defective;

    g.   failing to take the product out of stream of commerce after actual and/or constructive notice of its defective condition;

    h.   failing to warn of the aforesaid defective and dangerous condition of the product;

    i.   allowing and permitting said product to be and exist in a defective condition;

    j.   failing to properly and adequately inspect or investigate claims of the aforesaid defective product, so as to determine its hazardousness to consumers;

Case ID: 230400898

k.  intentionally and/or willfully, by design or other act, hide, conceal, and misrepresent the dangers of the product by virtue of the reviews system and default features on Defendant's online marketplace;

l.  Negligent hiring of contractors, employees, workmen, and servants, under the circumstances;

m.  Negligent training of contractors, employees, workmen, and servants, under the circumstances;

n.  Negligent supervision of contractors, employees, workmen, and servants, under the circumstances;

o.  Failing to remove or stop sales of the dangerous product; and,

p.  Failing to warn of the dangerous product.

88.  As a direct and proximate result of the carelessness, negligence and recklessness of Defendant, eBay, Plaintiff sustained serious and permanent bodily injuries including without limitation, injuries to his head and head.

89.  As a direct and proximate result of the carelessness, negligence, and recklessness of Defendant, eBay, Plaintiff was prevented from attending to his usual duties and activities, has and continues to suffer pain and suffering of mind and body, mental anguish and distress; in addition, he has suffered and/or will suffer lost wages, a loss of earnings and/or earning capacity and other economic losses including but not limited to outstanding medical bills and the need for future medical treatment and care all to his financial detriment.

Case ID: 230400898

**WHEREFORE,** Plaintiff, Jamie McKnight, hereby requests this Honorable Court to enter judgment in his favor and against Defendant, eBay, in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

**COUNT V**
**NEGLIGENCE**
**PLAINTIFF v. DEFENDANT SKINNER**

90.     Plaintiff incorporates the foregoing paragraphs as if they were set forth at length herein.

91.     At all material times, Defendant Skinner held himself out as a reputable and capable barber and capable of applying the product successfully to Plaintiff.

92.     Defendant Skinner's negligence and carelessness as alleged below resulting in Plaintiff's injuries, as follows:

   a.   misapplying the product;

   b.   failing to follow instructions;

   c.   failing to warn Plaintiff of potential harms, pain, suffering, and scarring as a result of the product;

   d.   failing to recognize that Plaintiff was susceptible and unusually susceptible to scarring and disfigurement from the product;

   e.   using product on Plaintiff when not advised;

   f.   using an excessive amount of the product under the circumstances;

   g.   using a contaminated, outdated, and/or otherwise defective product on Plaintiff;

   h.   failing to take proper steps to prevent Plaintiff from the foregoing injuries and harms when knowing of the product's defective condition and/or potential to cause the harm; and,

Case ID: 230400898

  i. negligent training of employees, workmen, and servants;

  j. negligent supervision of employees, workmen, and servants; and/or

  k. failing to investigate and/or warn of the dangerous condition.

93. As a direct and proximate result of the carelessness and negligence of Defendant Skinner, Plaintiff sustained serious and permanent bodily injuries including without limitation, injuries to his head and head.

94. As a direct and proximate result of the carelessness and negligence of Defendant Skinner, Plaintiff was prevented from attending to his usual duties and activities, has and continues to suffer pain and suffering of mind and body, mental anguish and distress; in addition, he has suffered and/or will suffer lost wages, a loss of earnings and/or earning capacity and other economic losses including but not limited to outstanding medical bills and the need for future medical treatment and care all to his financial detriment.

**WHEREFORE,** Plaintiff, Jamie McKnight, hereby requests this Honorable Court to enter judgment in his favor and against Defendant, Amazon.com, Inc, in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

Respectfully Submitted,

THE MUSITIEF FIRM, LLC

By:_____

   Freda R. Musitief, Esquire
   Attorneys for Plaintiff

Date: 4-10-23

23

Case ID: 230400898

## VERIFICATION

I, Jamie McKnight, hereby verify that I am the Plaintiff in the foregoing matter, and the foregoing Complaint is true and correct to the best of my knowledge, information, understanding, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. A. §4904, relating to unsworn falsifications to authorities.

JAMIE McKNIGHT