IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE MCKNIGHT,<br>*Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| AMAZON.COM INC. *et al.*,<br>*Defendants* | : : : | No. 23-1449 |

### MEMORANDUM

PRATTER, J.                                                                                           NOVEMBER 28, 2023

While visiting Pennsylvania barber Tyrese Skinner, Jamie McKnight allegedly suffered severe pain when Mr. Skinner applied a skin tag and mole removal cream to Mr. McKnight's head. Mr. McKnight brought suit in Pennsylvania state court against Mr. Skinner, the manufacturer of the mole removal cream, and a bevy of online marketplaces from where Mr. Skinner *might* have purchased the cream. Though not with the same swiftness as Prime delivery, Amazon timely removed Mr. McKnight's case to federal court. Mr. McKnight now seeks to remand this case back to state court by arguing that the forum defendant rule precludes removal because Mr. Skinner is an in-state defendant. Although Mr. McKnight alleges defects in the mole removal cream, there is no defect with removal of this case to federal court because Mr. Skinner was not properly joined and served prior to Amazon removing the case. Thus, Mr. McKnight's Motion to Remand is denied.

### BACKGROUND

Plaintiff Jamie McKnight allegedly purchased skin tag and mole removal services from barber Tyrese Skinner in August 2021 in Philadelphia. Mr. Skinner allegedly applied the skin tag and mole removal cream to Mr. McKnight's head, which resulted in Mr. McKnight experiencing

significant scarring, severe pain, and permanent disfigurement. Mr. McKnight filed a lawsuit in the Pennsylvania Court of Common Pleas, Philadelphia County against Mr. Skinner, the manufacturer of the mole removal cream, and a slew of retailers who may have sold the cream.

Amazon timely removed the case to federal court in April 2023 based on diversity jurisdiction. Mr. McKnight filed the instant Motion to Remand shortly thereafter, arguing that the case could not be removed to federal court because one of the defendants, Mr. Skinner, is a citizen of the forum state and thus the forum defendant rule precludes removal.

## LEGAL STANDARD

A civil action brought in state court can ordinarily be removed to federal court if the federal court would ordinarily have original jurisdiction. 28 U.S.C. § 1441(a). "Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court, pursuant to § 1332(a) of Title 28 of the United States Code, and thus a state court case that implicates diversity jurisdiction may generally be removed." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (internal citations omitted). "[T]he burden is on the removing party to establish federal jurisdiction." *Johnson*, 724 F.3d at 346.

## DISCUSSION

"When an action is removed on the basis of diversity of citizenship, 28 U.S.C. § 1332, the general rule is that diversity must exist both at the time of initiation of the action and at the time the case is removed to federal court." *Burns v. G.S. Nelson Elec.*, No. 91-cv-2335, 1991 WL 77588, at *1 (E.D. Pa. May 6, 1991); *see also Bazaar v. Peck*, No. 96-cv-3613, 1996 WL 755405, at *1 (E.D. Pa. Dec. 30, 1996). Here, the parties do not dispute that there is complete diversity and instead dispute whether the forum defendant rule precludes removal to this Court.

"Where federal jurisdiction is premised only on diversity of the parties, the forum defendant rule applies." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d

Cir. 2018). The forum defendant rule states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). "[T]he forum defendant rule is procedural rather than jurisdictional, except where the case could not initially have been filed in federal court." *Encompass*, 902 F.3d at 152 (internal citation omitted).

In *Encompass*, Encompass, an Illinois citizen, brought claims against only one defendant, Stone Mansion, a Pennsylvania corporation, in the Court of Common Pleas of Allegheny County. *Id.* at 149. Stone Mansion originally agreed by email that it would accept service; however, when Stone Mansion received the acceptance form, it did not sign and return it to Encompass. *Id.* at 150. Instead, Stone Mansion withheld the acceptance form and then removed the matter to the United States District Court for the Western District of Pennsylvania. *Id.*

The Court of Appeals for the Third Circuit first held that the language of § 1441(b)(2) requiring the defendant be "properly joined and served" was unambiguous and that "[i]ts plain meaning precludes removal on the basis of in-state citizenship *only when the defendant has been properly joined and served*." *Id.* at 152 (emphasis added). The court then analyzed whether there was a "most extraordinary showing of contrary intentions" and whether the literal interpretation led to "absurd or bizarre results." *Id.*

The court assessed Congress's purpose for including the "properly joined and served" language in the statute. The court held that the purpose behind the language was less obvious and that there was no legislative history on this provision, but "courts and commentators" have determined that the language was meant to prevent fraudulent joinder where a plaintiff would include claims against a defendant of the resident state against whom the plaintiff did not intend

3

to proceed and not even serve. *Id.* at 153. Encompass argued that it was "inconceivable" that Congress intended this language to permit an in-state defendant to remove an action by delaying formal service of process. *Id.* The *Encompass* Court disagreed, holding that the "properly joined and served" language "addresses a specific problem—fraudulent joinder by a plaintiff—with a bright-line rule. Permitting removal on the facts of this case does not contravene the apparent purpose to prohibit that particular tactic." *Id.* Though the Court of Appeals for the Third Circuit described the result of this interpretation as "peculiar," "the outcome [was] not so outlandish as to constitute an absurd or bizarre result." *Id.* at 153-54. In other words, this litigation tactic known as "snap removal" was permitted.

*Encompass* is not limited to the situation of the in-state defendant removing the case before that defendant has been properly joined and served. "While *Encompass Insurance Co.* involved removal by a forum defendant, Plaintiff points to no language in *Encompass* that would limit its allowance of 'snap removal' to instances where the forum defendant itself seeks to remove—nor does the Court find any such limiting principle in that binding precedent." *Vandine v. Summit Treestands LLC*, No. 23-0027, 2023 WL 2285811, at *3 (E.D. Pa. Feb. 28, 2023) (internal citation omitted). In other words, a non-forum defendant may remove a case to federal court on the basis of diversity jurisdiction where a separate, in-forum defendant has not yet been properly joined and served.

Here, Amazon filed its notice of removal on April 14, 2023, before the only forum defendant, Mr. Skinner, had been properly joined or served. In fact, Mr. Skinner was not served until June 12, 2023. While this certainly creates a peculiar situation, Amazon could properly remove the case to federal court before Mr. Skinner was served under binding precedent in *Encompass*. There is a simple solution for a plaintiff like Mr. McKnight to avoid such instances

4

of snap removal: ensure the forum defendant is properly joined and served *before* serving any non-forum defendant. *See Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663, at *3 (E.D. Pa. Apr. 22, 2009) (holding that it was "correct" where "Plaintiff had the ability to preclude removal by first serving the forum defendant").

Mr. McKnight argues that the decisions in *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514 (E.D. Pa. 2013) and *Allen v. GlaxoSmithKline PLC*, No. 07-5045, 2008 WL 2247067 (E.D. Pa. May 30, 2008), control and thus preclude removal to federal court. In both cases, the motion to remand was granted even where one of the in-state defendants had not yet been properly joined or served when that defendant was a citizen of the forum state. *See Swindell-Filiaggi*, 922 F. Supp. 2d at 520-21; *Allen*, 2008 WL 2247067, at *6. Crucially, however, both of these cases were decided *before Encompass* in 2018. Thus, in the wake of the binding Third Circuit precedent in *Encompass*, the two cases to which Mr. McKnight cites are inapt, and Amazon's removal of this case to federal court is proper.

## CONCLUSION

For the foregoing reasons, Mr. McKnight's Motion to Remand is denied.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE